**Bernard OBIE, Plaintiff,**

v.

**NORTH CAROLINA STATE BOARD OF ELECTIONS, Alex Brock, in his official capacity as Director of the State Board of Elections, Durham County Board of Elections, and Jo Overman, in her official capacity as the Chairman of the Durham County Board of Elections, Defendants.**

Civ. A. No. 90–353–CIV–5–D.

United States District Court,
E.D. North Carolina,
Raleigh Division.

April 16, 1991.

Rehearing Denied May 24, 1991.

Robert J. Willis, Avery & Jones, Raleigh, N.C., for plaintiff.

Charles M. Hensey, Spec. Dep. Atty. Gen., N.C. Dept. of Justice, James M. Wallace, Jr., Office of Atty. Gen., Raleigh, N.C., for defendants.

## FINAL JUDGMENT AND PERMANENT INJUNCTION

DUPREE, District Judge.

This is an action brought pursuant to the First and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. Section 1983, and Article I, Sections 10 and 19, of the Constitution of the State of North Carolina. The plaintiff, Bernard Obie, was, and in all likelihood will be an unaffiliated candidate for the office of Durham County Commissioner in the November, 1990 general election, and in some future general election(s) for county office in that same County. Named as defendants in the Complaint are the North Carolina State Board of Elections, Alex Brock in this official capacity as the Director of the State Board of Elections, the Durham County Board of Elections, and Jo Overman, in her official capacity as the Chairman of the Durham County Board of Elections.

In pursuit of his candidacy in 1990, the plaintiff and a number of persons working with him gathered the signatures of approximately 1,000 persons on a petition in-

dicating that each person who signed that petition was a registered voter in Durham County, North Carolina at the time they signed that petition. That petition was then submitted by the plaintiff to the Durham County Board of Elections before the June 29, 1990 deadline set forth in N.C. Gen.Stat. Section 163–122(a)(3) (1990) with the appropriate fee for verification of those signatures by the defendants. With the submission of that petition, the plaintiff requested that the defendant Durham County Board of Elections certify the plaintiff for placement of his name on the November, 1990 general elections ballot for Durham County, North Carolina as an unaffiliated candidate for the office of Durham County Commissioner in that same election.

The defendant Durham County Board of Elections then reviewed the petition submitted by the plaintiff. That review indicated that only 752 of the signatures on the plaintiff's petition were those of identifiable registered voters in Durham County, North Carolina. Based upon the plaintiff's failure to meet the numerical signature requirement set forth in N.C.Gen.Stat. Section 163–122(a)(3)[1], the Chairman of the Durham County Board of Elections, defendant Jo Overman, informed the plaintiff on June 28, 1990 that his name would not be certified to the State Board of Elections for placement on the Durham County general election ballot for the November, 1990 general elections.

The plaintiff, believing that the ten percent (10%) of registered voters petition requirement unconstitutionally infringed upon his rights and the rights of his supporters to associate for the advancement of political beliefs and to cast their votes effectively, then filed this action on July 9, 1990. The defendants have admitted in their Answer to the plaintiff's Complaint served on July 26, 1990 that since at least 1900 no candidate who was not affiliated with either the Democratic or Republican Party has ever been elected as a Durham County Commissioner, nor has any candidate who was not affiliated with some political party ever succeeded in having his/her name placed on the ballot during that same time period. The defendants have further admitted in their Answer to the Complaint that the State Board of Elections and defendant Alex Brock would take enforcement action against any county board of election which caused the name any person to be printed on the general election ballot as an unaffiliated candidate for any county office when that county board of election had caused that person's name to be printed on the ballot based upon that person's submission of a timely petition to that county board of elections under N.C.Gen. Stat. Section 163–122(a)(3) (1990) where the number of signatures of qualified voters of the county involved that were listed on that petition was less than ten percent of the total number of registered voters in that county as reflected in the most recent statistical report issued by the State Board of Elections. Lastly, the defendants have also admitted in their Answer to the Complaint that the State Board of Elections and defendant Alex Brock, acting in his official capacity, have repeatedly and consistently advised the Durham County Board of Elections and other county election boards that the provisions of Section 163–122(a)(3) (1990) must be complied with by any person who desires to have his/her name printed on the general election ballot as an unaffiliated candidate for any county office before any county board of election may lawfully cause that person's name to be placed on any general election ballot as an unaffili-

---

1. N.C.Gen.Stat. Section 163–122(a)(3) reads, in pertinent part, as follows:

   (a) Procedure for Having Name Printed on Ballot as Unaffiliated Candidate.—Any qualified voter who seeks to have his name printed on the general election ballot as an unaffiliated candidate shall:

   (3) If the office is a county office or single county legislative district, file written petitions with the chairman or supervisor of the county board of elections supporting his candidacy for a specified county office. These petitions must be filed with the county board of elections on or before 12:00 noon on the last Friday in June preceding the general election and must be signed by qualified voters of the county equal in number to ten percent (10%) of the total number of registered voters in the county as reflected by the most recent statistical report issued by the State Board of Elections.

ated candidate for any county office in the county involved. Plaintiff's Complaint, paragraphs 10–11 and 20, and defendants' Answer, paragraphs 2 and 6.

The allegations of the plaintiff's Complaint in this action essentially allege that the 10% numerical signature requirement contained in N.C.Gen.Stat. § 163–122(a)(3) (1990) is an unconstitutional ballot access restriction for unaffiliated candidates in violation of the First and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 10 and 19, of the Constitution of the State of North Carolina. The challenged provisions of § 163–122(a)(3) (1990) are similar to the one at issue in this case. *Greaves v. State Board of Elections*, 508 F.Supp. 78 (E.D.N.C.1980). The only difference of any significance between the fact situation in the *Greaves* case and the case at bar is that the 10% of registered voters petition requirement addressed in *Greaves* was applied to deny ballot access to a candidate for statewide office while this case concerns an unaffiliated candidate for a county office. *Id.*

For the reasons stated in the *Greaves* case and in the Court's Memorandum of Decision filed in this action on August 23, 1990 under the caselaw considered and applied in that same case, the Court is of the opinion that the § 163–122(a)(3) unconstitutionally infringes upon the constitutional rights of the plaintiff to associate for the advancement of his political beliefs and to cast his votes effectively. *Greaves, supra,* 508 F.Supp. at 81. See Plaintiff's Exhibit 7 attached to the Plaintiff's Motion in this matter (comparison of North Carolina's unaffiliated candidate ballot access restrictions to those of the 49 other states indicates that North Carolina's is still the most restrictive).

In an effort to resolve this proceeding and to limit the expense and time involved in litigating the plaintiff's claims any further, the plaintiff and defendants North Carolina State Board of Elections, Alex Brock, in his official capacity as the Director of the North Carolina State Board of Elections, the Durham County Board of Elections, and Jo Overman, in her official capacity as the Chairman of the Durham County Board of Elections have mutually stipulated to the following resolution of all legal issues alleged in the Complaint filed by the plaintiff in this action, and the Court, therefore, upon consideration of the record herein and being fully advised of the premises, enters the following final judgment, declaratory relief, and permanent injunction:

(1) The Court has jurisdiction of the parties and of the subject matter of this action. Plaintiff and all defendants have waived the entry of findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure;

(2) The terms of this judgment and permanent injunction shall be subject to enforcement by any person that would receive any benefit from a full and complete execution of its terms;

(3) Pursuant to 28 U.S.C. §§ 2201 and 2202, the Court officially declares that the 10% numerical signature requirement of the petition provisions of N.C.Gen.Stat. § 163–122(a)(3) (1990) is in violation of the provisions of the First and Fourteenth Amendments to the Constitution of the United States and Article I, Sections 10 and 19 of the Constitution of the State of North Carolina;

(4) Defendants State Board of Elections and its Chairman Alex Brock, in his official capacity, are prohibited from advising and instructing the Durham County Board of Election and/or any other board of election that any person must comply with the numerical signature requirement of the petition provisions of N.C.Gen.Stat. § 163–122(a)(3) (1990) before the Durham County Board of Elections and/or any other county board of elections can lawfully cause that person's name to be placed on the general elections ballot as an unaffiliated candidate for any county office in the general elections for that county;

(5) Defendants State Board of Elections and its Chairman Alex Brock, in his official capacity, are prohibited from taking any enforcement action against the Durham County Board of Election and any other

board of election to prevent any of those county election boards from causing a person's name to be placed on the ballot as an unaffiliated candidate for any county office when that person has not complied with the numerical signature requirement of the petition provisions of N.C.Gen.Stat. § 163-122(a)(3) (1990) before the Durham County Board of Elections and any other county board of elections caused that person's name to be placed on the general elections ballot as an unaffiliated candidate for any county office in the general elections for that county;

(6) Within thirty (30) days of the date that this Final Judgment and Permanent Injunction is entered, defendants State Board of Elections and its Chairman Alex Brock, in his official capacity, shall, at their own expense, distribute a written letter or memorandum of explanation to each board of election for each county in the State of North Carolina other than Durham County explaining the significance of this Final Judgment and Permanent Injunction, and informing each board of election of the nature and extent of the declaratory and injunctive relief entered by this Court;

(7) Defendants North Carolina State Board of Elections, Alex Brock, in his official capacity as the Director of the North Carolina State Board of Elections, the Durham County Board of Elections, and Jo Overman, in her official capacity as the Chairman of the Durham County Board of Elections are prohibited from refusing to take the necessary actions to cause a person's name to be placed on the ballot for any county's general election as an unaffiliated candidate for any county office when that person has filed a timely petition with a county election board in North Carolina which has not complied with the numerical signature requirement of the petition provisions of N.C.Gen.Stat. § 163-122(a)(3) (1990);

(8) The costs of the plaintiff in this action, including a reasonable attorney's fee, are taxed against the defendants in this action pursuant to 42 U.S.C. Section 1988 and Rule 54(d), Fed.R.Civ.P. The plaintiff shall submit a petition for attorney fees and a bill of costs to the Court within sixty (60) days of the date of this judgment for the Court to enter a supplementary order awarding a specific amount against the defendants for those costs and fees. The parties are directed to confer during that sixty (60) day time period for the purpose of attempting to reach a stipulation as to the amount of fees and costs to be awarded by the plaintiff.

IT IS SO ORDERED.